THOMPSON NAT. BANK OF PUTNAM, CONN., v. CORWINE et al.

(Circuit Court, S. D. Ohio, E. D. April 19, 1899.)

FRAUDULENT CONVEYANCE—RIGHTS OF SUBSEQUENT MORTGAGEE.

> One who in good faith, and without notice of facts to put him on inquiry, makes a loan on the security of a mortgage of real estate, as against others having a right to set aside the conveyance of such real estate to the mortgagor as fraudulent occupies the position of a bona fide purchaser for value, although a part of the proceeds of the loan was paid to him in satisfaction of an obligation of a third person, which was fully satisfied and surrendered.

On Rehearing as to the Issue between Complainants and Defendants Hayes, Jones & Company. For former opinion, see 89 Fed. 774.

TAFT, Circuit Judge. This was a bill to set aside certain conveyances made by John W. Corwine to his children, on the ground that they were made in fraud of creditors. The case, on its merits, was considered and decided by this court November 9, 1898, in an opinion reported in 89 Fed. 774. Upon application of the parties, a single and collateral issue between the complainants in the bill and the banking firm of Hayes, Jones & Co. was reopened, and new testimony allowed to be introduced, on the ground that it was not expected by the complainants that the court would dispose of this collateral issue on the main hearing. Additional evidence has now been taken, and the case has been submitted for final decision upon this issue. The facts upon which the issue arises are as follows: Corwine made a deed to Barger of the undivided one-third of 318 acres of bottom land in Ross county, Ohio, for the recited consideration of $10,000, without the payment of money or other valuable thing whatever. Barger withheld the deed from record from May until November. On the 9th day of November—the day after the fire which destroyed the cotton seed oil plant in Memphis—Barger went to Hayes, Jones & Co., and, presenting the unrecorded deed from Cor-

wine to himself, obtained from them a loan of $10,000, evidenced by a note signed by himself as principal and his wife as surety, and secured by a mortgage upon the undivided one-third of the land. The deed was undoubtedly made to defraud creditors, and could give no title or security to any one who should buy it or loan money thereon with knowledge of the facts. A judgment had been taken in Ross county by Rockhold, Brown & Co., creditors of John W. Corwine, and complainants herein, on the 8th day of November. The mortgage was executed on the 10th day of November, and the deed and mortgage were recorded upon the same day. It is conceded that the priority of Hayes, Jones & Co.'s lien is not affected by the fact that the judgment against Corwine was taken before the mortgage was executed, the title then not being in Corwine, if Hayes, Jones & Co. are in the attitude of bona fide purchasers for value. The sole question in the case is, therefore, whether Hayes, Jones & Co. stand in that situation. The money which Barger obtained he deposited in the bank of Hayes, Jones & Co. He gave his check for something over $5,000 to pay a note held by Hayes, Jones & Co. upon which Corwine and three others were liable as makers or indorsers. He used the other $5,000 to pay a note of Corwine's held by the National Bank of Circleville. In accordance with the decision of Bank v. Taylor, 4 C. C. A. 55, 53 Fed. 854, I have no difficulty in holding that Hayes, Jones & Co. are bona fide purchasers to the extent of $10,000, if they had no notice of facts that would put them upon an inquiry which, if pursued, would have led to knowledge of the fraudulent character of the deed. I have read the evidence upon the question of the knowledge of Hayes, Jones & Co., but I can find nothing upon which to sustain the contention of the complainants that either member of the firm had notice which would lead a reasonable man to suppose that the deed in question was a fraudulent one. The deed from Corwine to Barger will be set aside, and the property covered thereby will be sold, subject, however, to the payment to Hayes, Jones & Co. of the amount due upon their mortgage, and interest. The costs of the litigation as between the complainants and Hayes, Jones & Co. will be taxed to the complainants.